UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JOANN SANDERS and
JOHN E. SANDERS,
Husband and Wife,

    Plaintiffs

v.                                    CIVIL ACTION NO. 2:07-0322

STATE FARM INSURANCE COMPANY,

    Defendant


MEMORANDUM OPINION AND ORDER


      Pending is defendant's motion seeking leave to appear
and defend plaintiffs' complaint in the name of an underinsured
tortfeasor, filed July 30, 2007.  The plaintiffs oppose the
motion.


I.


      On November 28, 2005, plaintiffs Joann and John Sanders
were involved in a head-on collision with a vehicle owned and
operated by Steven Jason Neil.  (Def.'s Mem. Supp. Mot. 1).  Mr.
Neil's automobile was insured by defendant State Farm Mutual
Automobile Insurance Company ("State Farm") under a $50,000
liability coverage policy.  (Compl. ¶ 8).  Plaintiffs also were
insured by State Farm.  (Id. ¶ 10).  Their policy included

$100,000 of underinsured motorist coverage.  (Id.).

        After the accident, plaintiffs settled with State Farm
for the full $50,000 value of Mr. Neil's policy.  (Id. ¶ 9).
State Farm, acting as plaintiffs' underinsured motorist carrier,
consented to this settlement and waived its subrogation rights.
(Id. ¶ 11).

        Plaintiffs then filed an underinsured motorist claim
under their policy with State Farm contending that their damages
exceeded $50,000.  (Def.'s Mem. Supp. Mot. 2).  Attempts to
negotiate a settlement of this claim were unsuccessful, and
plaintiffs instituted an action against State Farm in the Circuit
Court of Kanawha County on April 11, 2007.  (Pls.' Mem. Opp'n to
Def.'s Mot. 2).  State Farm answered on May 18, 2007, reserving
the right to defend in the name of Mr. Neil, then removed on
diversity grounds on May 21, 2007.[1]  (Answer ¶ 19).

_____

        [1] Although not raised by the parties, the court notes that
plaintiff is a West Virginia citizen and that defendant State
Farm, which is a citizen of Illinois, seeks to defend under the
name of Mr. Neil, who is also a citizen of West Virginia.
(Compl. ¶ 1; Def.'s Mem. Supp. Mot. 7-8).  At first blush, this
would appear to raise a question of this court's subject matter
jurisdiction.
        However, the court considers only the citizenship of the
real parties in interest in determining diversity jurisdiction.
Roche v. Lincoln Prop. Co., 373 F.3d 610, 613 (4th Cir. 2004).
It must disregard the citizenship of nominal parties.  Id.  If
the court were to add Mr. Neil as a party to the case, he would

II.

Defendant State Farm contends that West Virginia Code §
33-6-31(d) gives it an absolute statutory right as the carrier of
the underinsured motorist coverage to defend in the name of the
underinsured tortfeasor.  (Def.'s Mem. Supp. Mot. 2-3).
Plaintiffs, on the other hand, assert that this code section
provides State Farm with a "conditional right" dependent upon an
action being filed against the tortfeasor.  (Pls.' Mem. Opp'n to
Def.'s Mot. 4-5).  According to plaintiffs, State Farm forfeited
its right to defend in the tortfeasor's name when it consented to
the settlement and waived its subrogation rights.  Id.

The pertinent part of West Virginia Code § 33-6-31(d)
provides that:

> Any insured intending to rely on the coverage required
> by subsection (b) of this section [relating to
> uninsured/underinsured motorist coverage] shall, if any
> action be instituted against the owner or operator of
> an uninsured or underinsured motor vehicle, cause a
> copy of the summons and a copy of the complaint to be
> served upon the insurance company issuing the policy,

be a nominal party.  See Tilley v. Allstate Ins. Co., 40 F.
Supp.2d 809 (S.D. W. Va. 1999).  Because he is treated as a
nominal party for purposes of this order, subject matter
jurisdiction is present.

in the manner prescribed by law, as though such
insurance company were a named party defendant; <u>such
company shall thereafter have the right</u> to file
pleadings and to take other action allowable by law in
the name of the owner, or operator, or both, of the
uninsured or underinsured motor vehicle or in its own
name.

W. Va. Code § 33-6-31(d)(West 2007)(emphasis added).

This section of the West Virginia Code provides
uninsured/underinsured motorist carriers with certain rights when
an uninsured or underinsured tortfeasor is sued, namely, the
rights to notice of the complaint and to defend in either the
carrier's own name or the tortfeasor's name.  <u>State ex rel.</u>
<u>Allstate Ins. Co. v. Karl</u>, 190 W. Va. 176, 181, 437 S.E.2d 749,
754 (1993) (citing <u>Postlethwait v. Boston Old Colony Ins. Co.</u>,
189 W. Va. 532, 535, 432 S.E.2d 802, 805 (1993)).  The West
Virginia Supreme Court of Appeals has observed that the purpose
of this section "is to protect an uninsured/underinsured
insurance carrier from having a judgment entered against the
uninsured/underinsured tortfeasor without the carrier having an
opportunity to defend the suit," which is significant because the
carrier will be responsible for all or part of the judgment.
<u>Postlethwait</u>, 432 S.E.2d at 805.

The West Virginia Supreme Court of Appeals in
<u>Postlethwait</u> has interpreted this section of the code as

4

applicable only when the plaintiff sues the

uninsured/underinsured tortfeasor, and not when the plaintiff

settles with the tortfeasor and the underinsured motorist carrier

waives its right to subrogation.  Id. (distinguishing the facts

in Postlethwait, in which the plaintiff and the tortfeasor

settled, from those in Davis v. Robertson, 175 W. Va. 364, 332

S.E.2d 819 (1985), in which plaintiff sued the tortfeasor).[2]   In

Postlethwait, the court noted:

> It is well to emphasize again that W.Va.Code, 33-6-
> 31(d), deals only with the situation where the
> plaintiff has sued the uninsured/underinsured
> tortfeasor. We have not found any provision in the
> uninsured/underinsured section of W.Va.Code, 33-6-31,
> that contains a procedure for suing an
> uninsured/underinsured carrier where a settlement was
> made with the tortfeasor's liability carrier for the
> full amount of the policy limits, as is the issue in
> this case.

Id. at 805.

---

[2] Defendant cites State ex rel. State Farm Auto. Ins. Co. v.
Canady, 197 W. Va. 107, 475 S.E.2d 107 (1996), for the
proposition that an underinsured motorist carrier has an absolute
right to choose to defend in either its own name or the name of
the underinsured tortfeasor. (Def.'s Mem. Supp. Mot. 3).   In
Canady, the plaintiff sued the tortfeasor, and the insurance
company sought to appear in its own name.  Id. at 109.   In
Canady, § 33-6-31(d) applied because the plaintiff had sued the
tortfeasor, and the court permitted the insurance company to
choose the name in which it wished to appear.  Id. at 110.
    The facts of Canady are, quite plainly, factually
distinguishable from those in a case in which a plaintiff settles
with the tortfeasor and no action is filed against the
tortfeasor.

In cases in which § 33-6-31(d) is inapplicable, such as where the plaintiff has settled with the tortfeasor's liability insurance carrier, the West Virginia Supreme Court of Appeals permits a plaintiff to sue the underinsured motorist carrier directly. <u>Postlethwait</u>, 432 S.E.2d at 805. For example, in <u>Postlethwait</u>, plaintiffs were involved in a car accident and negotiated a settlement with the tortfeasor's insurance carrier for the full value of the tortfeasor's liability coverage. <u>Id.</u> at 804. The plaintiffs there presented this settlement to Boston Old Colony Insurance Company ("Boston"), plaintiffs' underinsured motorist carrier, and Boston waived its subrogation rights. <u>Id.</u> Plaintiffs then instituted an action against Boston under their underinsured motorist policy. <u>Id.</u> In response to Boston's argument that a judgment against the tortfeasor was "a necessary precondition to an underinsured motorist suit," the court held that:

> A plaintiff is not precluded under W. Va. Code § 33-6-31(d) from suing an uninsured/underinsured insurance carrier if the plaintiff has settled with the tortfeasor's liability carrier for the full amount of the policy and obtained from the uninsured/underinsured carrier a waiver of its right of subrogation against the tortfeasor.

<u>Id.</u> at 804, 807. The court found significant the fact that Boston consented to the settlement with the tortfeasor and waived

6

its right of subrogation, and thus it held that the Postlethwaits were not precluded from suing Boston directly.  <u>Id.</u> at 805-806.


                              III.


          Here, because plaintiffs Joann and John Sanders have not instituted an action against Mr. Neil, the tortfeasor, West Virginia Code § 33-6-31(d) does not apply, and State Farm's rights under that Code section are unavailable.[3]  <u>Postlethwait</u>, 432 S.E.2d at 805.  Moreover, as in <u>Postlethwait</u>, defendant waived its subrogation rights.  (Compl. ¶ 7).  Because plaintiffs secured this waiver, they may institute an action under the terms of their underinsured motorist policy against State Farm directly.  <u>Postlethwait</u>, 432 S.E.2d at 807.

          State Farm could have protected its right to be sued in the tortfeasor's name by refusing to waive its subrogation

_____

          [3] In fact, State Farm's § 33-6-31(d) rights are unnecessary under the present facts.  As stated above, the purpose of § 33-6-31(d) "is to protect an uninsured/underinsured insurance carrier from having a judgment entered against the uninsured/underinsured tortfeasor without the carrier having an opportunity to defend the suit."  <u>Postlethwait</u>, 432 S.E.2d at 805.  Here, State Farm has the opportunity to defend.  Because no judgment has been entered on the issues of liability and damages, plaintiffs must still prove both issues and State Farm will be able to defend. <u>Postlethwait</u>, 432 S.E.2d at 806.

7

rights, thereby forcing plaintiffs to institute an action against
Mr. Neil and triggering the applicability of § 33-6-31(d).  <u>See</u>
<u>Postlethwait</u>, 432 S.E.2d at 807.  Inasmuch as State Farm waived
its subrogation rights, it forfeited its opportunity to assert
its rights under § 33-6-31(d).

      State Farm argues that the holding in <u>Postlethwait</u> is
limited and does not apply to the facts here.  (Def.'s Mem. Supp.
Mot. 5-8).  In support of this argument, defendant relies on two
opinions issued by the United States District Court for the
Southern District of West Virginia, <u>Smith v. Westfield Ins. Co.</u>,
932 F. Supp. 770 (S.D. W. Va. 1996), and <u>Tilley v. Allstate Ins.</u>
<u>Co.</u>, 40 F. Supp.2d 809 (S.D. W. Va. 1999).  The analysis in both
<u>Smith</u> and <u>Tilley</u> rests upon an unpublished opinion of the West
Virginia Supreme Court of Appeals, <u>Dowler v. Reed</u>, No. 21960,
slip op. at 4 (W. Va. Dec. 10, 1993), in which the court stated,
"we have not expanded that principle [referring to the holding of
<u>Postlethwait</u>] to one that would grant the plaintiff an absolute
right to sue his own underinsurance carrier in every situation
wherein a settlement with a tortfeasor's insurer and a waiver of
subrogation rights have been obtained."

      The court in this case does not rely on <u>Dowler</u>,
however, because the West Virginia Supreme Court of Appeals has

                                 8

held that its unpublished opinions "are of no precedential value
and for this reason may not be cited in any court of this state
as precedent or authority, except to support a claim of <u>res
judicata</u>, collateral estoppel, or law of the case." <u>Pugh v.
Workers' Comp. Comm'r</u>, 188 W. Va. 414, 424 S.E.2d 759, syl. pt. 3
(1992).  The court, accordingly, applies the precedent set forth
in <u>Postlethwait</u> that a plaintiff is not precluded by § 33-6-31(d)
from suing an uninsured/underinsured insurance carrier if, as
here, the plaintiff has settled with the tortfeasor's liability
carrier for the full amount of the policy and obtained from the
uninsured/underinsured carrier a waiver of its right of
subrogation against the tortfeasor.  <u>Id.</u> at 807.  The court
concludes that § 33-6-31(d) does not apply here, and thus State
Farm is not entitled to the rights provided therein.  Like the
plaintiffs in <u>Postlethwait</u>, Mr. and Mrs. Sanders, having settled
with the tortfeasor, are not precluded from suing their
underinsured motorist carrier directly and in its own name.

       State Farm also contends that it will be prejudiced if
not permitted to defend in the tortfeasor's name because "the
issue of insurance will necessarily be injected into the trial of
the case." (Def.'s Mem. Supp. Mot. 3).  This argument is
unavailing, however, because an insurance contract and an

9

insurance company's duties under it are the heart of this case. Furthermore, the West Virginia Supreme Court of Appeals has found that "the current consensus [is] that the introduction of insurance is not per se prejudicial and that the potential for prejudice can be rectified with sound trial management precautions, including a limiting instruction."  Canady, 475 S.E.2d at 114.

IV.

Accordingly, the court ORDERS that defendant's motion seeking leave to appear and defend plaintiffs' complaint in the name of the underinsured tortfeasor be, and it hereby is, denied.

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record.

DATED:  September 18, 2007

John T. Copenhaver, Jr.
United States District Judge

10